**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN SUPERIOR COURT**

|  |  |
|---|---|
| **FRANKIE GONZÁLEZ RIVERA**<br><br>**Plaintiff**<br><br>v.<br><br>**MUNICIPALITY OF SAN JUAN**<br><br>**Defendant** | **CIVIL NO.:**<br><br><br>**RE: DAMAGES;**<br>**ORDER PETITION** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now the Plaintiff Frankie González Rivera (hereinafter, Plaintiff) through their undersigned legal representation, and requests a preliminary and permanent injunction due to the non-compliance/breach of the MUNICIPALITY OF SAN JUAN (hereinafter, we shall refer to as "Defendant") with the provisions of Title II of the federal law known as the American Disabilities Act, 42 U.S.C. § 12131 et seq. and the regulations that implement statute 28 C.F.R. Part 35. (hereinafter, we shall refer to the federal statute and its regulations as "ADA Act" or "ADA"),[1] as well as Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. A permanent injunction, compensatory and nominal damages are requested under both statutes.

[Blue ink stamp: RECEIVED OCT 25 2021 MSJ Litigation Division]

---

[1] Title II of the ADA Act obliges all public facilities that provide services to the public, such as stadiums or arenas that are operated by a Municipality. The obligation imposed by Title II consists of not discriminating in the offer of said services towards people with The official link of the United States Government with information on Title II / ADA Act is: https://www.ada.gov /ada_title_II.htm

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **2** of **18**

## INTRODUCTION

1. This is an action that seeks to remedy unlawful discrimination that occurred and occurs in a "public facility" as defined by 42 U.S.C. § 12131 (1) (B) as mentioned below:

COLISEO ROBERTO CLEMENTE
PHYSICAL ADDRESS: FRANKLIN DELANO ROOSEVELT AVE., SAN JUAN, 00920, PUERTO RICO
COORDINATES: 18.415799049277993, -66.07554603208956
PHONE: (787) 294-1037

(Hereinafter, we shall refer to this place as the "public facility" site or "The Coliseum").

## NEED FOR ACTION

2. This petition for a permanent injunction is necessary for the following:

   (a)   Defendant has never in its existence attempted to eliminate architectural barriers in the parking lot and inside;

   (b)   Defendant maintains architectural barriers at the public facility site in violation of the ADA Act and the Accessible Design Guidelines promulgated by the United States Department of Justice. The official link is:

   https://www.ada.gov/regs2010/title_2010/titleII_2010_regulations.htm

   (c)   Plaintiff visited the Roberto Clemente Coliseum and there personally found architectural barriers in the parking lot and in the internal areas, said barriers are related to his disability.

   (d)   Plaintiff is (i) at imminent risk of encountering the architectural barriers or (ii) it would be futile to return to the public facility at this time since it would constitute a risk to the Plaintiff's personal safety or would be tantamount to submitting him to an unpleasant, humiliating and discriminatory condition or situation;

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **3** of **18**

    (e)    Plaintiff has the present intention of being able to enjoy the privileges, services that are available in the public facility, once the architectural barriers are completely removed. However, Plaintiff reserves the right to return to the Coliseum, at any time before the architectural barriers are removed, even if this represents submitting himself to dangerous or discriminatory conditions, in order to seek, identify and report discrimination or any other bona fide purpose.

## PLAINTIFF

3.    Plaintiff Frankie González Rivera is a natural person and his postal and residence address are: Building 5 Apartment 554 Proj. 215 unit Residencial [Housing Project] Las Margaritas San Juan PR 00915. His telephone number is: (787) 967-9045. Fax: Does not have.

4.    Mr. González Rivera is a person with a physical disability. The physical disability is leg amputation as a result of trauma, making him unable to walk.

5.    Plaintiff has a disability, as defined by the ADA Act. 42 U.S.C. § 12102 (I)(A).

6.    As mentioned, the Department of Transportation and Public Works of the Government of Puerto Rico (DTOP, for its acronym in Spanish) has issued for the benefit of the Plaintiff a removable placard of people with physical disabilities, in order for the Plaintiff to use the placard to park in parking lots identified as accessible or "for the disabled". The removable placard does not have to be used on a specific vehicle nor does it have to be used on a motor vehicle registered in favor of Plaintiff. Plaintiff has the right to use the removable placard issued by the DTOP on any vehicle, be it his own, a family member or friend, or a vehicle that he has incidentally boarded. Plaintiff has the legal right to use parking spaces designated as "accessible" or "for the disabled" in this jurisdiction, regardless of the motor vehicle in which he is on board.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **4** of **18**

## DEFENDANT

7. The Defendant is the Municipality of San Juan, which is in charge of and is the operator of the Roberto Clemente Coliseum. "Public entity" as defined by Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act. For the discrimination caused in the Office of the Department of Labor, as defined by 42 U.S.C. § 12131 (I) (B).

## JURISDICTION AND VENUE

8. this civil proceeding be removed to the United States District Court, jurisdiction over the matter is invoked in accordance with 28 U.S.C. §§ 1331 and 1343 (a) (3) and (a) (4).

9. The Court of First Instance has original jurisdiction to elucidate controversies arising under federal or state laws. ==However, if it is recognized that the federal forum would exercise the original jurisdiction of this procedure, to be remanded to said forum pursuant to 28 U.S.C. §1441 and its binding interpretative jurisprudence.==

10. This civil action has been filed before the judicial forum that holds jurisdiction since the public facility in dispute is located in this judicial region, and because the events occurred in this judicial region.

## GENERAL ALLEGATIONS AND RELATED TO THE PROCEDURES, POLICIES, AND PRACTICES OF THE DEFENDANT

11. The Plaintiff visited the Public Facility around August 1, 2021 and found barriers that interfered with Plaintiff's ability to use and enjoy the goods, services, privileges, and accommodations offered in the Public Facility.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **5** of **18**

12. In addition, and totally independent of the foregoing, Plaintiff invokes legitimation as a person who intends to return to the Public Facility for the express purpose of searching and identifying architectural barriers that may be in the Public Facility in the future. The purpose of the search and identification of architectural barriers shall be in order to: (1) report additional barriers that may be found in the future; (2) verify compliance or non-compliance with any order issued by this court regarding the elimination of architectural barriers. The existence of active legitimacy as a civil rights tester is affirmatively alleged, as alleged in this paragraph, in accordance with the binding rule in this jurisdiction established in <u>Suarez-Torres v. Panadería y Repostería España, Inc.</u>, No. 18-1618 (1st. Cir. Feb. 17, 2021), where it was established that it is not necessary for a person with disabilities to be a "bona fide client" of the place of public accommodation to have the standing to claim rights under the ADA Act. A civil rights tester is a person who has the specific intent to seek, identify, and report discrimination, even if it represents being subjected to discrimination or in unsafe conditions. In <u>Suarez-Torres v. Panadería y Repostería España, Inc.</u>, the First Circuit unequivocally established the existence of active legitimation of the tester by determining:

> We have not previously addressed the impact of a plaintiff's status as a "tester" on her ability to establish standing under the ADA. However, the circuit that have considered this issue have uniformly concluded that an individual's "tester" status does not defeat standing. As the Eleventh Circuit explained in <u>Houston v. Marod Supermarkets, Inc.</u>, the ADA guarantees the right of any individual to be free from "disability discrimination in the enjoyment of [public places of accommodation] regardless of [the individual's] motive for visiting the facility." 733 F. 3rd. at 1332. Congress did not limit the protections of the ADA to "clients or customers" or otherwise impose a bona fide visitor requirement. Id. at 1332-34 (contrasting 42 U.S.C. §§ 3604(a), and 12182(b)(1)(A)(iv), which do contain such requirements). Hence, such limitations should not be read into the ADA. Id. We agree with this analysis. **Accordingly, we conclude that appellants' status as testers does not defeat standing.**

<u>Suarez-Torres v. Panadería y Repostería España, Inc.</u>, No. 18-1618 (1st. Cir. Feb. 17, 2021)

(external citations omitted) (our emphasis)

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **6** of **18**

13. **ANNEX A** is incorporated and made part of this Petition, it is a supplementary allegation that is the product of an investigation carried out by Mr. Franky González during his last visit to the Coliseum. The images presented below confirm the historical state of the parking lot and the external areas of the Coliseum facilities, and a brief cause-damage relationship.

14. Likewise, **ANNEX B** is incorporated and made part of this Petition, it is a supplementary allegation that is the product of an investigation in accordance with Rule 9.1 of the Rules of Civil Procedure of Puerto Rico, which imposes a reasonable duty of investigation to all lawyers. The images presented below confirm the historical state of the Coliseum facilities and a brief cause-damage relation.

15. In addition, **ANNEX C** is incorporated and made part of this complaint, which is an additional allegation within which I attach an official document issued by the Department of Transportation and Public Works of the Government of Puerto Rico (DTOP), which accredits Mr. Franky González as the beneficiary of the privileges granted to people with disabilities for parking, discounts, express lines designated for disabled people, among others.

16. Plaintiff has filed this civil action after having determined that there is reasonable cause to believe that the Municipality of San Juan maintains a pattern of systematic discrimination against people with disabilities.

17. The discrimination consists of not making the Coliseum accessible to people with disabilities who visit the public facilities of the Coliseum, a public entity where people from the general public are received.

18. Based on his personal observations, and based on his experience as a person with limitations who have seen hundreds of accessible and non-accessible places throughout his life,

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **7** of **18**

Plaintiff affirmatively alleges that there are the following architectural design barriers in the Public Facility related to his disability and mobility limitations:

### ACCESS FROM OUTSIDE OF THE COLOSSEUM

a) As for the access route, there is no access route from the parking lots or sidewalk to an accessible entrance without stairs. ADAAG 1991 § 4.3; ADAAG 2010 § 206.2.1. Possible solutions: add a ramp, modify so that the gradient of the slope is 1:20; add a lifting platform ("lifter").

b) The parking lot is not properly maintained to be kept in "operable condition" in violation of 28 C.F.R. § 36.211 (a). For example, the maintenance of the parking area has been poor, inconsistent, and in breach of applicable regulations.

c) The configuration and dimensions of accessible parking lots are substantially inconsistent with the requirements of the applicable regulations. ADAAG 2010 § 502.2, 502.3. Possible solutions: reconfigure the parking lot using paint.

d) The configuration and dimensions of the spaces adjacent to the parking spaces are substantially inconsistent with the requirements of the applicable regulations. ADAAG 2010 § 502.2, 502.3, 503.3.3. Possible solutions: reconfigure the parking spaces using paint.

e) The positioning of the parking signs is substantially inconsistent with the applicable regulations. ADAAG 2010 § 502.6. Possible solutions: place signs at the height and position required by regulations.

f) Accessible parking spaces are not located on the access route closest to the accessible entrance. ADAAG 2010 § 502.6. Possible solution: reconfigure parking lots.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case 3:21-cv-01537-PAD   Document 1-1   Filed 11/12/21   Page 8 of 18

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **8** of **18**

g) The entrance does not meet the requirements of the applicable regulations. As for the entrances that are not accessible, they do not have signs indicating the location of the accessible entrance. ADAAG 2010 § 216.6. There are accessible and non-accessible entrances, but accessible entrances do not have the international disabled symbol to identify them. ADAAG 2010 § 216.6. Possible solutions: make all entrances accessible and/or place the signs required by applicable regulations.

19. The barriers identified in the preceding paragraph are only those that the Plaintiff knows personally based on his experience and common sense as a person with disabilities, not based on scientific or expert evidence. The totality of the existing barriers in the Coliseum, including those found and others not yet discovered at the time, are the cause of Plaintiff's legal damage, that is, the lack of full, free, and spontaneous access to the Coliseum. For this reason, Plaintiff intends to use the discovery mechanisms of evidence to search, identify and point out all those architectural barriers related to Plaintiff's disability so that access to the Public Facility is complete and equal. After identifying the barriers, Plaintiff intends to request the court to amend the allegations to conform them to the evidence discovered on violations of the ADAAG now unknown.

20. Plaintiff is aware that the interior of the Coliseum is not accessible either, as it lacks assigned spaces for people with disabilities and their companions. In the same way, it does not meet the requirement of the number of accessible areas, dispersion, and views (line of sight). Likewise, the service counters throughout the Coliseum are not accessible because they are very tall.

21. Plaintiff has been discouraged and is currently discouraged, from visiting the public facility because Plaintiff knows that the goods, services, accommodations, privileges, advantages, and facilities of the Coliseum cannot be accessed without the Plaintiff being subject again to

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **9** of **18**

discrimination. Plaintiff is aware of the goods and services offered in the public facility and will return to the public facility once the barriers are removed.

22. The petitioners knew or should know, that the Public Facility was and is inaccessible; that the conditions of the Coliseum violate federal law and interfere (or deny) access to people with disabilities. In addition, the petitioners have the financial resources to remove these barriers from the Public Facility (without much difficulty, or expense) and make the Coliseum accessible to Plaintiff. However, to this day, Defendant has refused to remove these barriers.

23. Plaintiff affirmatively alleges that the continued presence of barriers in the Public Facility is so obvious and overt that it sets forth the discriminatory intention of the Defendant. The nature of the deviations from federal standards does not suggest noncompliance with regulations due to mere negligence or human error. The existing noncompliance is so substantial that it is obvious to a casual observer of average intelligence who is not proficient in accessible design standards or have no experience with architectural barriers because they do not have a disability. It is on this basis that Plaintiff believes, and, therefore affirmatively claims, that discriminatory intent includes the conscious and weighted refusal not to adhere to relevant construction standards; the contempt for the construction plans and permits issued for the Public Facility; the conscientious decision to keep the architectural design (as it currently exists) at the Coliseum; the decision not to remove architectural barriers keeping it in a state of noncompliance motivated by profit motives.

24. Based on Defendant's historical noncompliance with the ADAAG, Plaintiff believes, and therefore alleges, that Defendant does not have internal policies, procedures, and documents regarding ADA compliance efforts at the Public Facility.

25. However, a limitation of this obligation establishes that a public entity is not obliged to "take any action that can demonstrate that it would give rise to a fundamental alteration in the

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **10** of **18**

nature of a service, program or activity, or in undue financial and administrative situations", charges". [sic] Id. §35.164; see also Id. pt. 35, application. R.

26.     Defendant did not take adequate measures to guarantee accessibility to the public facility or the elimination of architectural barriers, among others, the following:

> i.     Failure in the public facility [in] removing architectural barriers, establishing a guide or plan that provides protocols for the implementation of the policy and procedures of the department/agency/court for the provision of auxiliary aids and services to ensure accessibility to all programs, benefits, and services for people with disabilities (hereinafter, "auxiliary aids and services plan", "guide" or "plan".
>
> ii.    Failure to designate in the public facility a person responsible for ensuring that necessary and appropriate steps are taken to inform and educate employees on a plan and its implementation.
>
> iii.   Failure to designate in the public facility a person responsible for developing programmatic and departmental procedures / of agencies / judicial for the implementation of a plan.
>
> iv.    Failure to designate in the public facility a person responsible for developing programmatic and local procedures for the implementation of a plan.
>
> v.     Failure to designate in the public facility a person responsible for the coordination, development, and implementation of procedures that guarantee the non-discriminatory provision of equally effective and accessible quality services.
>
> vi.    Failure to appoint in the public facility coordinators of departments/agencies/court 504 / ADA who promulgate specific plans and procedures to fully implement a plan (who may also implement any procedural requirements of any additional programs

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

      receiving federal financial assistance); analyze the data collected on auxiliary aids and services and implement any corrective action, if necessary; answer questions and provide appropriate assistance regarding immediate access and proper use of auxiliary aids and services; stay informed about new technologies and resources to guarantee an accessible public facility for people with any type of disability.

vii.    Failure of the public facility to establish protocols to periodically review the plan.

viii.    Failure of the public facility to train employees on the provision of auxiliary aids and services to clients or companions with disabilities. This includes not training during "new hire orientations" or shortly after starting to work for direct customer service staff. This also includes a statewide failure to train employees periodically, that is, annually, on how to provide assistance to clients or companions with some type of disability. Training is not mandatory and no training is recorded in the employee's personnel file. Alternatively, no training significantly includes procedures for serving clients and companions with disabilities; communication options available; how to provide reasonable accommodations for clients and potential clients, requirements for meetings, conferences, and services to be accessible; knowledge of a plan, including how to access this plan.

ix.    Failure of the public facility to monitor compliance with the provision of services to people with disabilities, either on-site or through desk reviews.

x.    Failure of the public facility to maintain records pertaining to auxiliary aids and services provided.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **12** of **18**

27. Plaintiff affirmatively alleges that this case is not about isolated cases of violations of his rights, but rather violations resulting from 28 C.F.R. § 35.160 (a) due to a policy and custom that played a substantial role in the alleged denial of his right to reasonable accommodation and auxiliary aids and services. Policies and customs have been described in the preceding paragraphs. Decades of politics and customs that violated federal law were also admitted by a unanimous legislature. See Senate Bill 1486. These policies and practices were the driving force behind the ADA violations and Mr. Franky González experiences. Plaintiff was denied his rights protected by the federal government due to the conscious decisions of the defendant and their political leadership. The stated or de facto policy of the defendant to deny effective accessibility to the public facility and auxiliary aids and services is evidenced by a pattern of acts or omissions that is sufficiently extensive or generalized. These acts or omissions are not reasonably related to a legitimate governmental objective and have caused the violation of the Plaintiff's rights under Title II of the ADA and the Rehabilitation Act.

**ALLEGATIONS RELATED TO THE PLAINTIFF'S EXPERIENCES**

28. Plaintiff is a resident of San Juan, Puerto Rico.

29. Plaintiff visited the Roberto Clemente Coliseum on August 1, 2021, in order to enjoy the goods and services offered within the public facility and, in this place, found architectural barriers that interfered with the Plaintiff's capacity to use and enjoy the goods, services, privileges and pertinent information provided by the public facility.

30. In light of the foregoing, Plaintiff informed the personnel working in the Public Facility of the limitations of his mobility and the danger posed by the architectural barriers to his integrity, but this information was ignored.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **13** of **18**

31. What Plaintiff went through is a representative experience of the vicissitudes that people with disabilities experience who seek services in the Public Facility, as a result of Defendant's policies, practices, and procedures.

32. Defendant's policies, practices, and procedures have been systematic and ongoing for many years. Defendant has never in their existence had a level of full compliance with their legal obligations to people with disabilities.

33. Plaintiff has been the victim of uniform practices, policies, and procedures that affected and affect Plaintiff and, in general, all people with disabilities who visit the Public Facility.

34. The practices and procedures of Defendant, existing at the time Plaintiff visited the public facility, and at present, represent a very high level of Defendant's non-compliance with legal obligations.

35. The experience described is only a representative sample of Plaintiff's experience in the public facility, where communication barriers are evident.

36. Defendant's willful and unfair discrimination based on Plaintiff's disability is reflected in the fact that Defendant (1) did not remove the architectural barriers; (2) did not train their employees; (3) did not promulgate and implement non-discrimination policies against people with disabilities.

## FIRST CAUSE OF ACTION:
## AMERICANS WITH DISABILITIES ACT OF 1990

37. Plaintiff has a disability, as defined by the ADA Act. 42 U.S.C. § 12102 (I) (A).

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **14** of **18**

38.    The Roberto Clemente Coliseum in charge of the Municipality of San Juan is a Public Entity as defined by Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

39.    The ADA prohibits state and local government services from discriminating based on disability in the full and equitable enjoyment of their goods, services, facilities, privileges, advantages, or accommodations. Discrimination includes failing to take steps to ensure that no person with a disability is excluded, denied services, segregated, or treated differently from anyone else due to the absence of auxiliary aids and services. 42 U.S.C. § 12131 et seq. and the regulations that implement statute 28 C.F.R. Part 35.

40.    As a result of the experiences described in this Petition, Plaintiff has suffered emotional harm.

41.    Defendant's policies, procedures, and practices described in this Petition are ongoing and in effect, at the time this civil action is filed.

42.    As a result of Defendant's actions and omissions, Plaintiff suffered and continues to suffer humiliation, anguish, and impairment of his dignity and right to live free from discrimination and interference with his legal rights.

43.    Plaintiff is entitled to an ==interdictal/interdict== relief and to compensation for damages for an amount to be determined at trial. Plaintiff's damages are not expected to exceed $250,000.00. Plaintiff reserves the right to modify this amount before or during the trial, as required by the evidence.

44.    Plaintiff is entitled to an order prohibiting Defendant from continuing to discriminate against people with disabilities by refusing to remove architectural barriers and provide accessible spaces for people with disabilities, and an order requiring full compliance with Title II of the ADA.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **15** of **18**

45. Pursuant to 42 USC §§ 12205, Plaintiff is entitled to his attorneys' fees, litigation expenses, costs, and expert witnesses' expenses.

## SECOND CAUSE OF ACTION: REHABILITATION ACT OF 1973

(Section 504, 29 U.S.C. § 701 et seq.)

46. Section 504 provides: "No otherwise qualified individual with a disability in the United States… shall, solely by reason of her or his disability, be excluded from the participation in, denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

47. Plaintiff is a person protected by Section 504 as he is substantially limited by having lost a lower limb.

48. Plaintiff is an eligible person to receive the benefits and services that are made available to the public in the public facility.

49. During the past year, and at present, Defendant and the public facility received federal funds as part of their programs and activities.

50. The Defendant's conduct described in this Petition violated Plaintiff's rights under the Rehabilitation Act by excluding Plaintiff or denying him benefits solely on the basis of his disability.

51. Plaintiff suffered emotional distress and damages due to Defendant's violation of the Rehabilitation Act.

52. Pursuant to section 505 of the Rehabilitation Act, Plaintiff is entitled to compensation for his damages, costs, litigation expenses, and attorneys' fees.

53. Likewise, in accordance with the ruling of the United States Supreme Court in Uzuegbunam v. Preczewski, Uzuegbunam v. Preczewski, 592 U.S. (2021) 2021 WL 850106

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

(March 8, 2021),[2] the imposition of nominal damages is requested. In *Uzuegbunam*, a student was prohibited from preaching on the University of Georgia campus when he was a student. In an 8-1 decision in *Uzuegbunam*, the United States Supreme Court found that Chike Uzuegbunam could claim nominal damages from Georgia Gwinnett College, even though the university changed its discriminatory policy in response to his civil action. Judge Clarence Thomas was the author of the majority opinion and Justices Samuel Alito, Stephen Breyer, Amy Coney Barrett, Neil Gorsuch, Elena Kagan, Brett Kavanaugh, and Sonia Sotomayor also joined the majority opinion, which ended the tactic of "tactical mootness" in the context of federal causes of action. This practice consists of alleging that a violation of rights has become moot in order to subsequently request the dismissal of the entire complaint. Although an injunction claim can become moot if all the requirements of the doctrine and its exceptions are met, the claim can still remain alive through a nominal damage claim. Nominal damages represent a concrete victory for the claimant and also serve as the basis for determining who the prevailing party in the civil proceeding is. In this case, the imposition of nominal damages is requested under (i) of ADA and (ii) under the Rehabilitation Act.54.

54. Defendant has not adopted or applied appropriate administrative methods, policies, procedures, and/or practices to ensure that Defendant complies with the ADA and Section 504 to ensure nondiscrimination against people with disabilities and equitable access to facilities, programs, services, and activities for people with disabilities.

---

[2] See https://www.supremecourt.gov/opinions/20pdf/19-968_8nj9.pdf

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **17** of **18**

## JUDICIAL REMEDIES REQUESTED

55.  **WHERETOFORE**, the Plaintiff very respectfully requests to this Honorable Court the following judicial remedies:

A.  That jurisdiction be accepted over this matter and that it be declared that Defendant violated Title II of the 1990 ADA.

B.  That jurisdiction be accepted over this matter and that it be declared that Defendant violated the Rehabilitation Act of 1973.

C.  A permanent injunction pursuant to 42 U.S.C. § 12188 (a) (2) and 28 CFR § 36.504 (a) to order Defendant to take all necessary steps that the court deems appropriate to protect Plaintiff's statutory rights. Specifically, the possible remedies are, among others, an Order requiring Defendant to remove architectural barriers; that Defendant establishes policies, practices, and procedures to safeguard the rights of people with disabilities; and the appointment and designation of a compliance monitor due to the magnitude of the violations and historical non-compliance.

D.  In the event that Defendant continues their discriminatory status, it is requested pursuant to 42 U.S.C. § 12188 (a) (2) and 28 CFR § 36.504 that the shutdown and closure of the Public Facility be ordered as a measure to stop the discriminatory status until Defendant has credibly proven to the satisfaction of the court that discrimination has been eliminated;

E.  Compensatory damages under the Rehabilitation Act.

F.  Nominal damages of one dollar for two complete and independent grounds: (1) violation of the Rehabilitation Act; (2) violation of the Americans with Disabilities Act. Nominal damages are not available for state causes of action, but are available for federal causes of

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

SJ2021CV06895 21/10/2021 06:31:11 pm Entry No. 1 Page **18** of **18**

action (federal question) and the imposition of nominal damages is expressly requested pursuant to the resolution in Uzuegbunam v. Preczewski, 592 U.S. (2021).

G. Attorney's fees, costs, litigation expenses pursuant to 42 U.S.C. § 12255 and Section 505 of the Rehabilitation Act.

H. The provision of any other remedy that is fair, proper, at law or equity, that has not been expressly requested, but that proceeds as a matter of law.

**RESPECTFULLY SUBMITTED.**

Today, October 21, 2021.

s/ José Carlos Vélez Colón
ATTORNEY JOSÉ CARLOS VÉLEZ COLÓN
BAR ID. NO.: 18913
PO BOX 1438
JVELEZ@VELEZLAWGROUP.COM

421 MUÑOZ RIVERA AVE.
#255 SAN JUAN, PR 00918

TEL.: (787) 599-9003
FAX: N/A

Plaintiff's Attorney

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.